## NEW ORLEANS PUBLIC SERVICE, INCORPORATED, *v.* CITY OF NEW ORLEANS.

No. 460. Argued April 30, 1930.—Decided June 2, 1930.

---

*Mr. Alfred Charles Kammer,* with whom *Mr. Charles Rosen* was on the brief, for appellant.

*Messrs. Wm. F. Conkerton* and *Francis P. Burns,* Assistant City Attorneys, with whom *Mr. Bertrand I. Cahn,* City Attorney, was on the brief, for appellee.

Mr. Justice Butler delivered the opinion of the Court.

The question presented by this appeal is whether an ordinance of the city of New Orleans requiring the demolition of a viaduct and construction of grade crossings to take its place violates the contract clause of the Federal Constitution or the due process clause of the Fourteenth Amendment. 28 U. S. C., § 344(a). *King Mfg. Co.* v. *Augusta,* 277 U. S. 100.

Appellant has a franchise granted by the city for the operation of a street railway system. One of its lines was constructed along Franklin Avenue. That street intersects Florida Walk which is occupied by eight railroad tracks now used by the Southern Railway Company. March 9, 1910, the city passed Ordinance 6445. It recited that the railroad company objected to the street railway crossing its tracks at grade, that the public interest would best be served by a viaduct crossing and that the street railway was willing to build one. It authorized the city engineer to approve plans for a viaduct to be constructed approximately on the center line of Franklin Avenue and to embrace earthen embankment approaches that would not exceed the neutral space in Franklin Avenue or obstruct the roadways on either side of it. Following the adoption of the ordinance the company built a single-track trestle viaduct which has since been maintained and used for the passage of its street cars over the railroad tracks. November 7, 1926, the city passed Ordinance 9375 requiring appellant to remove the viaduct and to construct in its place double tracks at street level across the railroad tracks. Appellant refused and the city brought this suit to compel compliance.

The complaint alleges: Because of increase of population, the single track is not sufficient to provide adequate service for the people of that section. The viaduct has

not been properly maintained and is dangerous to the public. In order to eliminate grade crossings where Franklin Avenue intersects the railroad tracks of the Louisville and Nashville Railroad Company, it would be necessary to demolish the present viaduct and to construct across the tracks of both railroad companies a new viaduct for two street-railway tracks, two vehicular roadways and two walks for pedestrians. The city would have to contribute one-half the cost of such construction (Act 38 of 1924) and it is not financially able to do so at the present time. The answer denies that the single track viaduct is not sufficient to furnish adequate service or that it is unsafe. It avers: The ordinance required the construction of the viaduct; it cost approximately $58,000, and its purpose was to avoid having grade crossings over much used railroad tracks. New crossings are not necessary. They will cost more than $135,000 and subject users to hazards the viaduct was constructed to avoid. The ordinance is arbitrary and violates the contract clause of the Federal Constitution and the due process clause of the Fourteenth Amendment. The trial court, without making any specific findings of fact, entered a decree for the city; the supreme court affirmed. 168 La. 983.

Appellant cites *Grand Trunk Western Ry.* v. *South Bend,* 227 U. S. 544, and *Owensboro* v. *Cumberland Telephone Co.,* 230 U. S. 58, in each of which this Court condemned a city ordinance as repugnant to the contract clause. In the former the ordinance attempted to repeal a valid grant of a right to use a street for a railroad purpose that was found not to be injurious to the public. In the latter the ordinance purported to require the telephone company to remove from city streets its poles and wires which had been placed there under authority granted by an earlier ordinance or to make payments not provided for in the contract under which the telephone lines were constructed. Neither of these cases has any

application here. The ordinance now under consideration does not aim to destroy or to exact payment for the right of appellant to use the street for the operation of its street railway. It purports merely to regulate the use of the streets for the convenience and safety of the public. It does not impair appellant's franchise.

The ordinance is presumed to be valid and the burden is upon the appellant to show that, having regard to the facts disclosed by the record, removal of the existing viaduct and construction of the crossings are so clearly unreasonable and arbitrary as to amount to the depriving of appellant of its property without due process of law. *Aetna Insurance Co.* v. *Hyde*, 275 U. S. 440, 447, 448. Undoubtedly the city, acting as the arm of the State, has a wide discretion in determining what precautions in the public interest are necessary or appropriate under the circumstances. *Terrace* v. *Thompson*, 263 U. S. 197, 217. *Denver & R. G. R. R. Co.* v. *Denver*, 250 U. S. 241, 244. Regulations that are in principle fairly comparable to the ordinance under consideration have been sustained by this Court as within the scope of the police power.*

Ordinance 6445 merely authorized the street railway company so to use the streets. No element of coercion was involved. The opinion of the supreme court shows that one of the roadways has been narrowed by the city's construction of a sidewalk and, granting that the track is not presently inadequate, indicates that additional capacity for service at this intersection is likely to be needed. And, upon sufficient evidence, the court found that the viaduct is unsafe and that extensive repairs are required to put it in proper condition.

---

* *Denver & R. G. R. R. Co.* v. *Denver*, 250 U. S. 241. *Chi., Mil. & St. P. Ry.* v. *Minneapolis*, 232 U. S. 430. *Mo. Pac. Ry.* v. *Omaha*, 235 U. S. 121. *N. Y. & N. E. Railroad Co.* v. *Bristol*, 151 U. S. 556. *Baltimore* v. *Baltimore Trust Co.*, 166 U. S. 673. *New Orleans Gas Co.* v. *Drainage Comm.*, 197 U. S. 453.

The value of the viaduct to be removed, the large expenditure involved for construction of the crossings in its place, and the dangers incident to their use constitute the sole basis of fact on which the ordinance is assailed. It is elementary that enforcement of uncompensated obedience to a regulation passed in the legitimate exertion of the police power is not a taking of property without due process of law. *Chicago, B. & Q. Railroad* v. *Chicago,* 166 U. S. 226, 251. *C. B. & Q. Railway* v. *Drainage Comm'rs,* 200 U. S. 561, 594. *Chicago & Alton R. R.* v. *Tranbarger,* 238 U. S. 67, 77. The sacrifice of the old structure and the cost of the new crossings involve a large amount of money. But the evidence fails to show that, having regard to the circumstances, it is so large that the regulation must be held to pass the limits of reasonable judgment and amount to an infringement of the right of ownership. While the elimination of grade crossings is desirable in the interest of safety, there are other means that reasonably may be employed to safeguard against collisions at intersections of public streets and railroad tracks. Presumably the city will make and enforce appropriate regulations at this crossing. Appellant has failed to establish facts sufficient to require a finding that under conditions existing there it is not reasonably possible so to do. And it has not shown that the ordinance is so unreasonable that it transgresses constitutional limitations.

*Decree affirmed.*