Elbert T. Gallagher, J.
Plaintiff has sued to enjoin the enforcement of an ordinance. Before the court at this time are a motion by plaintiff for an injunction pendente lite, a motion by plaintiff under rule 104 of the Rules of Civil Practice to strike out defendant’s answer on the ground that it is sham and frivolous, or in the alternative, to strike the defenses and counterclaims contained in the answer pursuant to subdivisions 5 and 6 of rule 109 of the Rules of Civil Practice on the grounds that they are respectively inadequate and do not state a cause of action, and a countermotion by defendant to dismiss the *381 complaint on the ground that it does not state facts sufficient to constitute a cause of action.
The complaint alleges plaintiff has for years been engaged in the business of collecting garbage in defendant town and surrounding communities, that he operates by virtue of permits issued by the Weschester County Department of Health, that he has possession and control of certain private property which he uses as a dump for the garbage he collects, paying the owners of the land for such use,-that enforcement of the ordinance in question will interfere with the operation of his business, and that the ordinance is discriminatory, unreasonable, and arbitrary, will deprive him of his rights and property without due process of law, and unlawfully infringe upon his right to conduct his business. The answer admits some allegations of the complaint, denies others and as to the remainder denies knowledge or information sufficient to form a belief. As a defense and counterclaim, defendant alleges the adoption of the ordinance, and as a second defense and counterclaim alleges facts purporting to show that plaintiff’s operation constitutes a nuisance.
Plaintiff’s motion under rule 104 of the Buies of Civil Practice is denied. This motion is addressed to the entire answer and not to any separate part thereof. (Fleischer v. Terker, 259 N. Y. 60.) While parts of the answer may be objectionable and the proper subjects of a motion to strike, the answer considered in its entirety is not vulnerable to this motion.
Plaintiff’s alternative motion under rule 109, is denied. That plaintiff is operating his business by virtue of proper legal authority does not preclude the possibility that the manner of operation may constitute a nuisance, for the abatement of which defendant may counterclaim. Further, whether defendant’s adoption of the ordinance in question is a defense to plaintiff’s suit for an injunction would seem to be the main issue in the case.
Plaintiff’s attack on the ordinance is directed at section 2 thereof, which provides as follows: “ Sec. 2. Restrictions. No person shall transport or bring or cause to be transported or brought into, or shall throw, dump or deposit, or cause to be thrown, dumped or deposited, in any part of the Town of Somers, any garbage, rubbish or abandoned vehicles or parts thereof, from any source whatever originating outside of the Town of Somers; and no person shall permit such throwing, dumping or depositing thereof upon property owned, leased or controlled by such person.”
*382 Defendant is correct in its contention that a regulation adopted in the exercise of police power, if otherwise valid, will not be declared invalid on the ground that it depreciates the value of plaintiff’s business (Matter of Wulfsohn v. Burden, 241 N, Y. 288), and in its argument that enforcement of uncompensated obedience to an ordinance passed in the legitimate exercise of the police power is not a taking of property without due process of law. (New Orleans Public Service v. New Orleans, 281 U. S. 682; Matter of Fox Meadow Estates v. Culley, 233 App. Div. 250, affd. 261 N. Y. 506.)
Nevertheless, ordinances adopted in the exercise of the police power, if unreasonable, discriminatory or arbitrary, will be held invalid, and the law is well settled that the courts will enjoin the enforcement of an invalid ordinance where its enforcement will affect property rights and work irreparable injury. (Union Free School Dist. No. 14 of Town of Hempstead v. Village of Hewlett Bay Park, 279 App. Div. 618, motion for leave to appeal denied 279 App. Div. 746; Cowan v. City of Buffalo, 247 App. Div. 591; Boxer v. Town of Harrison, 175 Misc. 249; Grundman v. Town of Brighton, 1 Misc 2d 860; Schrager v. City of Albany, 197 Misc. 903.)
In ruling on defendant’s motion to dismiss we must assume the truth of the allegations in the complaint, and there is necessarily entailed a determination, as a matter of law, whether as to plaintiff the ordinance is valid.
The ordinance is presumed valid. In attacking it, plaintiff has assumed the burden of showing that it is not justified under the police power of the State by any reasonable interpretation of the facts. (Sheppard v. Village of Skaneateles, 300 N. Y. 115.)
Defendant urges that by subdivision 6 of section 130 of the Town Law, it was granted the power to adopt the ordinance in question. The pertinent portions of section 130 read as follows: “ The town board * * * may enact * * * ordinances, rules and regulations not inconsistent with law, for the following purposes * * 6. Public dump and dumping ground. Prohibiting and/or regulating the use of any lands within the town as a dump or dumping ground.”
That portion of the ordinance which prohibits anyone from transporting or bringing in to the town of Somers garbage originating outside such town, is clearly invalid. The power given the town to regulate use of the .streets, by the provisions of subdivision 7 of section 130 of the Town Law, does not include the power to prohibit their use. (Donovan v. Town of *383 New Windsor, 132 Misc. 860; Associated Transp. v. City of Syracuse, 196 Misc. 1031.)
The court is of the opinion that that portion of the ordinance which prohibits the dumping anywhere in Somers, of garbage of outside origin, is also invalid. The town has been given the power to prohibit or regulate the use of any lands as a dump. It has not prohibited such use of the land used by plaintiff, but has- attempted to regulate by prohibiting its use for dumping garbage originating outside the town. A distinction between truckloads, or cans or other containers of garbage, solely on the basis that they have different places of origin, is arbitrary and unreasonable. No attempt is made to limit the amount of garbage dumped, nor to prescribe a method of treatment or disposition. It is difficult to perceive how public health or welfare will be served by an ordinance which permits the dumping of garbage in any amount or of any description, as long as it originates in Somers, but on the other hand prohibits the dumping of even one can of garbage from outside the town. (Ex Parte Lyons, 27 Cal., App. 2d 182.) As stated by the court in Triborough Bridge & Tunnel Auth. v. Crystal & Son, 2 A D 2d 37, “ The standard or regulation must be designed to have some reasonable relationship to. purposes within the scope of the State’s police powers, and arbitrary distinctions which, do not actually promote such objectives cannot be sustained (Nectow v. City of Cambridge, 277 U. S. 183, 188; Matter of Mid-State Adv. Corp. v. Bond, 274 N. Y. 82). A prohibition which cannot be equated with the evil to be remedied is arbitrary and unreasonable (Defiance Milk Prod. Co. v. Du Mand, 309 N. Y. 537).” Defendant’s motion is denied.
Finally, it is the court’s belief that this is the type of case in which the status quo should be maintained until trial, and an injunction pendente lite is warranted. (Tucci v. Giarrusso, 123 N. Y. S. 2d 238.) Motion for injunction pendente lite granted.
Settle order accordingly.