◼ BENNIE WIGGINS, Respondent-Appellant, v. TOWN OF SOMERS, Appellant-Respondent.— In this action to declare a certain ordinance of the defendant invalid and unconstitutional, and for an injuction against its enforcement, defendant's answer contains denials of material allegations of the complaint and two affirmative pleadings designated respectively as first and second defenses and counterclaims. The ordinance purports to prohibit the bringing into, or the dumping within, the town, of garbage, rubbish, abandoned vehicles or parts thereof, from any source originating outside the town. The first defense and counterclaim alleges the fact of the adoption of the ordinance and charges that plaintiff has been violating the ordinance and intends to continue to do so. The second defense and counterclaim repeats the allegations of the first and further charges that plaintiff is using certain land in the town as a dumping ground in a manner which constitutes a nuisance. Plaintiff appeals from so much of an order as denied his motion (1) to strike out the answer as sham and frivolous, (2) to strike out the two defenses and counterclaims on the grounds that the defenses are inadequate and the counterclaims do not state facts sufficient to constitute causes of action, and (3) for judgment on the pleadings. Defendant appeals from so much of the order as denied its motion to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action, and granted plaintiff's motion for an injunction *pendente lite*. Order modified by striking from the first ordering paragraph " in all respects denied " and by

substituting in lieu thereof " granted to the extent that the two affirmative pleadings in the answer are struck out as defenses, and the first affirmative pleading is dismissed as a counterclaim and in all other respects the said motions are denied ". As so modified, order affirmed, without costs. We are in agreement with the Special Term that the ordinance is invalid. It follows that the existence of the ordinance cannot be the basis of a valid defense or counterclaim. The charge that plaintiff is conducting a nuisance is properly raised only by way of counterclaim. It is not a defense to the complaint that the ordinance is invalid. Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ., concur. [6 Misc 2d 380.]