Daniel **FRIEDLANDER** et al.,
Plaintiffs,

v.

Joseph **CIMINO**, M.D., Individually and as Commissioner of the Department of Health of the City of New York, et al.,
Defendants.

No. 73 Civ. 2276.

United States District Court,
S. D. New York.

Dec. 2, 1974.

Rothblatt, Rothblatt, Seijas & Peskin, by Henry Rothblatt, New York City, for plaintiffs.

Adrian P. Burke, Corp. Counsel, New York City, for municipal defendants; David W. Fisher, Edward P. Walla, New York City, of counsel.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for state defendants; David Spiegel, Jerold Probst, Asst. Attys. Gen., of counsel.

Paul J. Curran, U. S. Atty., S. D. N. Y., for defendants Weinberger and Dept. of Health, Education and Welfare; Gregory J. Potter, Asst. U. S. Atty., of counsel.

## MEMORANDUM

BONSAL, District Judge.

Plaintiffs, suing as a class, allege that they are nonphysician self-employed clinical laboratory directors in the City and State of New York. They claim that their rights under the Fifth and Thirteenth Amendments and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution have been violated because they are required by State law, and within New York City by corresponding City ordinance, to perform proficiency tests on specimens prepared by the City or State defendants. Jurisdiction is asserted under 28 U.S.C. § 1343(3).

After filing answers denying plaintiffs' allegations, the City and State defendants, consisting of the respective departments of health and their commissioners, each move for judgment on the pleadings pursuant to F.R.Civ.P. 12(c) and in the alternative for summary judgment under F.R.Civ.P. 56. The Federal defendants, the Department of Health, Education and Welfare and its Secretary, filed an answer denying plaintiffs' allegations, but have not filed a motion to dismiss.

### THE STATUTES

Article 5 of Title V of the New York Public Health Law and Article 13 of the New York City Health Code provide in pertinent part that each clinical laboratory, (and its director), must obtain a permit authorizing the tests it seeks to perform.* To retain its permit, each clinical laboratory must participate in a proficiency testing program under which it is required to analyze chemical specimens sent by the State or City and then to report the results. The results are graded by the appropriate governmental agencies. A laboratory which repeatedly fails to perform sufficiently accurate tests will lose its permit.

The State statute exempts from the permit requirement and the proficiency testing program all laboratories operated by a licensed physician, osteopath, dentist or podiatrist who performs or whose employees perform laboratory tests or procedures "solely as an adjunct to the treatment of his own patients." N.Y. Pub.Health Law § 579 (McKinney 1971). The New York City Health Code exempts only licensed physicians and their employees who perform tests in connection with the treatment of their own patients. N.Y.C. Health Code § 13.03(a).

The New York City Health Code provides in addition that if a laboratory determines that a test specimen is defec-

---

* Clinical laboratories outside New York City are regulated by the State Department of Health (N.Y.Pub.Health Law § 574(1) (McKinney's Consol.Laws, c. 45, 1971)) and clinical laboratories within the New York City limits are regulated by the City Department of Health. Id. § 574(2).

tive or contaminated, it need only report that fact to the City Department of Health and may discontinue the test. Id. § 13.25.

### THE COMPLAINT

The complaint alleges in the First Cause of Action that the proficiency tests constitute a seizure of property in the form of labor and materials without compensation under color of State law and in violation of due process of law and the Thirteenth Amendment to the United States Constitution. Plaintiffs seek damages in the amount of $1,000,000 from each defendant.

In the Second Cause of Action plaintiffs seek a permanent injunction pursuant to 42 U.S.C. § 1983 enjoining defendants from requiring plaintiffs to perform any further proficiency tests.

In the Third Cause of Action plaintiffs alleged that the plaintiff class has been denied equal protection of the laws because they must comply with the testing requirements while licensed physicians (and, outside New York City, osteopaths, dentists and podiatrists) do not. Plaintiffs also allege that the City and State permit physicians to operate clinical laboratories or perform tests for other physicians' patients in violation of the applicable laws.

### DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS

Defendants move for a judgment on the pleadings on the ground that the plaintiffs fail to state a substantial federal question upon which jurisdiction may be founded.

■ Section 1343(3) of Title 28 of the United States Code gives the federal district courts original jurisdiction of civil actions to redress deprivations under color of State law or ordinance of rights secured by the Constitution. To confer subject matter jurisdiction under section 1343, plaintiffs' complaint must state a constitutional claim "of sufficient substance to support federal juris-

diction." Hagans v. Lavine, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378, 39 L.Ed.2d 577 (1974). A claim is "insubstantial" either because it is " 'obviously without merit' or because 'its unsoundness so clearly results from the previous decisions . . . as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy.' " Hagans v. Lavine, *supra* at 537, 94 S.Ct. at 1379, and cases cited therein.

### A. *Plaintiffs' Due Process Claims*

■ There is no public policy more important than the protection of citizens from practices which may be injurious to health. *See* Barsky v. Board of Regents of University of State of New York, 347 U.S. 442, 449, 74 S.Ct. 650, 98 L.Ed. 829 (1954). *Cf.* Muhammad Ali v. Division of State Athletic Commission of Department of State of New York, 316 F.Supp. 1246, 1250 (S.D.N.Y.1970). The defendants' permit and proficiency testing programs are essential to protect the public from the consequences of incompetent clinical laboratory testing. To achieve this goal, it is appropriate that the State and City require clinical laboratories to obtain permits based upon proficiency tests. Therefore, these programs are well within the bounds of the State's police power. *See* North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc., 414 U.S. 156, 94 S.Ct. 407, 38 L.Ed.2d 379 (1973); Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483, 487–488, 75 S.Ct. 461, 99 L.Ed. 563 (1955); S.P.S. Consultants, Inc. v. Lefkowitz, 333 F.Supp. 1373 (S.D.N.Y.1971) (3-judge court). *See* Seagram & Sons, Inc. v. Hostetter, 384 U.S. 35, 47, 86 S.Ct. 1254, 16 L.Ed.2d 336 (1966) (deference to legislative choices); McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961); N.Y.Pub.Health Law § 570 (McKinney 1971) (legislative purpose). There is also a rational basis for imposing these requirements upon cliniclal laboratories while exempting office-connected laboratories directed by licensed

physicians, osteopaths, dentists and podiatrists. *Cf.* North Dakota State Board of Pharmacy v. Snyder's Drug Stores, Inc., *supra*; Williamson v. Lee Optical of Oklahoma, Inc., *supra*.

██ Plaintiffs' claim that they are deprived of property without just compensation is also without merit. Reasonable regulations restricting the use of property in order to safeguard the public's health do not constitute a compensable appropriation of property for public use. *See* Goldblatt v. Town of Hempstead, 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962); New Orleans Public Service, Inc. v. City of New Orleans, 281 U.S. 682, 50 S.Ct. 449, 74 L.Ed. 1115 (1930). Plaintiffs therefore must bear the cost of complying with such regulations. Pent-R-Books, Inc. v. United States Postal Service, 328 F.Supp. 297, 310 (E.D.N.Y.1971) (Judd, J.). *See Goldblatt, supra; New Orleans Public Service, Inc., supra. See also* 15 U.S.C. § 78o(b)(8) (concerning Securities and Exchange Commission); 12 U.S.C. § 482 (concerning the expense of examining national banks).

## B. *Plaintiffs' Equal Protection Claim*

██ Plaintiffs' equal protection claim similarly fails to state a substantial federal question. So long as the statutory distinction is rational and the statutory classification is based on criteria related to the objective of the statute or has some basis in practical experience, there is no violation of the equal protection clause. *See* San Antonio Independent School District v. Rodriguez, 411 U.S. 1, 40, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973); McGinnis v. Royster, 410 U.S. 263, 276, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1973); Dandridge v. Williams, 397 U.S. 471, 486, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). A program will not be found arbitrary or irrational merely because the legislature moves one step at a time. Schilb v. Kuebel, 404 U.S. 357, 364, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971); Williamson v. Lee Optical Co., *supra*, 348 U.S. at 489, 75 S.Ct. 461.

██ The distinction drawn by the State clearly passes this test for rationality. Non-physician clinical laboratories have no contact with the patient aside from the specimen taken from his body. Therefore, there is greater possibility that erroneous laboratory results will go undetected than when an attending physician, who knows the patient's symptoms and history, obtains an inaccurate test result.

██ Plaintiffs' claims that the City and State defendants fail to enforce their statutes also do not represent substantial federal questions upon which federal district court jurisdiction may be based. Plaintiffs fail to allege in their complaint that defendants had knowledge of these violations. Thus plaintiffs have not alleged all the elements necessary to an equal protection claim. *See* Snowden v. Hughes, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1944) (there must be purposeful discrimination by defendants).

If plaintiffs feel that defendants are failing to observe the standards prescribed in the statutes and regulations, they should seek relief from the administrative agencies involved and, if that fails, in the State courts.

Accordingly, the State and City defendants' motions for judgment on the pleadings are granted.

Settle order on notice.