131 N.J. Super. 283 (1974)
329 A.2d 577
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LILLIAN McCOURT AND GORDON McCOURT, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted November 26, 1974.
Decided December 10, 1974.
*285 Before Judges CARTON, CRANE and KOLE.
Messrs. Cooper, Perskie, Neustadter and Katzman, attorneys for appellants (Mr. Steven P. Perskie, on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Howard E. Drucks, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by KOLE, J.A.D.
Defendant husband was the owner and his wife the operator of an automobile with respect to which there was no liability insurance. They were convicted in the County Court on a de novo appeal from municipal court convictions by reason of the operation of this noninsured car contrary to N.J.S.A. 39:6B-2. The County Court imposed a $50 fine on each defendant and suspended the driving privileges of each of them for six months. They appeal from their convictions and sentences.
They first argue that the statute here involved represents an unconstitutional burden on their freedom to travel. We disagree.
The compulsory automobile liability insurance provision, N.J.S.A. 39:6B-1, and the sanction for noncompliance therewith, N.J.S.A. 39:6B-2, provide that every owner of a motor vehicle registered or principally garaged within the state must carry automobile liability insurance. Failure to have such insurance subjects the owner of the motor vehicle, as well as the operator thereof (who knows or should know of lack of insurance), where it is operated on a highway *286 in this State, to a fine of not less than $50 and the forfeiture of the right to operate a motor vehicle over the highways of the State for a period of six months from the date of conviction.
The statute does not penalize or burden defendants' right to interstate travel. It represents an appropriate exercise of the State's police power that in no wise contravenes any federal constitutional or other right. Here the State requires an owner of a dangerous instrumentality such as an automobile, as a condition precedent to the use of the State's highways, to ensure compensation for damages to others that may be sustained as a result thereof. This requirement is a salutary regulation by the State of its highways to ensure that they are used safely and that others who may be damaged by such use are protected, by spreading the risk of the damage through liability insurance. See Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); Reitz v. Mealey, 314 U.S. 33, 62 S.Ct. 24, 86 L.Ed. 21 (1941);[1]State v. Kabayama, 98 N.J. Super. 85 (App. Div. 1967), aff'd 52 N.J. 507 (1968); Williams v. Sills, 55 N.J. 178 (1969); State v. Smith, 58 N.J. 202 (1971); Howell v. Rosecliff Realty Co., 52 N.J. 313 (1968); Miller v. Anckaitis, 436 F.2d 115 (3 Cir.1970); Wright v. Malloy, 373 F. Supp. 1011 (D.C. Vt. 1974).
Defendants also contend that the compulsory insurance law, by forcibly including high risk as well as low risk *287 persons into the insurance market, impermissibly burdens them as low risk persons with inflated insurance premium rates available to them. There are no facts presented supporting either their claim of being low risk insureds or their analysis of the dynamics of the insurance market and premiums resulting therefrom.[2] They further claim a denial of equal protection, charging that low risk insureds and indigents suffer invidious discrimination because rates of insurance premiums are thus encumbered by the compulsory insurance law. Irrespective of whether they have standing, by reason of indigency or being low risk persons, to attack the statute here involved on equal protection grounds, we find the challenge to be without merit.
The promotion of the compelling State interest by this statute, already discussed, disposes of defendants' claimed deprivation of equal protection. They are not being invidiously discriminated against or treated as a class separate and apart from others. All automobile owners in the State, irrespective of the nature of their risk or economic status, are obliged to buy such insurance for valid and most significant state reasons. See Bell v. Burson, supra; Wright v. Malloy, supra. See and compare Shapiro v. Thompson, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969); Graham v. Richardson, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971).
Defendants argue that it was illegal for the County Court to increase the penalty given in the municipal court. The municipal court imposed a $25 fine, plus $20 court costs, on Mr. McCourt, and a $10 fine, plus $10 costs, on Mrs. McCourt. In the County Court the respective fines were increased *288 to $50 and defendants' driving privileges were suspended for six months.
It is true that normally the imposition of harsher sentences on appeal to the County Court is not permitted. State v. De Bonis, 58 N.J. 182 (1971). However, defendants have no right to an illegal sentence.
The statute here involved requires that there be a fine of not less than $50 and the forfeiture of the right to operate a motor vehicle for a period of six months. Thus, the initial sentence before the municipal court was beyond its jurisdiction and illegal. The County Court sentence was in accordance with the statute and required by law. The illegal sentence cannot stand. State v. Sheppard, 125 N.J. Super. 332 (App. Div. 1973), certif. den. 64 N.J. 318 (1973).
Affirmed.
NOTES
[1] Reitz v. Mealey, supra, was overruled in part by Perez v. Campbell, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971), but only to the extent that it seemed to validate a state statute requiring payment of a motor vehicle accident tort judgment before driving privileges could be restored, even though the judgment had been discharged in bankruptcy. To that extent the statute was held by Perez to violate the Supremacy Clause and the bankruptcy act. In Perez, however, the court made it clear that it was not concerned with the validity of a limited requirement that a driver post evidence of financial responsibility for the future in order to regain driving privileges or the broader issue of whether a state may require proof of financial responsibility as a precondition for granting driving privileges to anyone.
[2] We note that at least as to Mr. McCourt the contention that he is a low risk person is somewhat tenuous. As we read the record, he was involved in an accident, a speeding violation and a suspension of his license in 1970, a restoration thereof in July 1971, and a suspension again in September 1971. But we do not consider these facts to be critical to our disposition of this case.