No. 81-341

IN THE SURPEME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

DAVID TURK,

Defendant and Appellant.

Appeal from: District Court of the Fourth Judicial District,
In and for the County of Missoula
Honorable James Wheelis, Judge presiding.

Counsel of Record:

For Appellant:

David Turk, Pro Se, Missoula, Montana
Jeffrey Shrom argued, Stevesville, Montana

For Respondent:

Hon. Mike Greely, Attorney, General, Helena, Montana
Steve Johnson argued, Assistant Attorney General,
Helena, Montana
Robert L. Deschamps III, County Attorney, Missoula,
Montana

Submitted: January 11, 1982

Decided: March 25, 1982

Filed: **MAR 2 5 1982**

Thomas J. Kasney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Defendant David Turk appeals from two convictions: (1) operating a motor vehicle without current registration in violation of section 61-3-315, MCA, and (2) operating a motor vehicle without liability insurance in violation of section 61-6-301, MCA. We affirm both convictions.

On January 14, 1980, defendant was charged with the two offenses in the Justice Court of Missoula County. A bench trial was held before Justice Janet Jensen resulting in defendant's convictions and fines of $25.00 on each charge.

Defendant appealed his convictions to the District Court of Missoula County. The case was set for jury trial on June 16. On May 30, defendant disqualified the presiding judge. Judge Wheelis assumed jurisdiction on June 3 and the case was set for jury trial on September 15. On October 2 defendant filed a waiver of jury trial in his own handwriting as follows:

"Judge Wheelies,                          9-30-80

    "I David Turk wave the jury to argue by
motion before Judge Wheelies concerning
liability insurance.

                "Thank you,

                "David Turk"

Thereafter, briefs were filed by defendant and the State. On March 9, 1981, Judge Wheelis entered an opinion and order convicting defendant on both charges. On June 12, defendant was sentenced to pay a fine of $25.00 for each offense. Defendant appeals.

Throughout all proceedings up to the time of oral argument before this Court, defendant elected to proceed pro

se without an attorney. By reason thereof, it is somewhat difficult to follow the contentions advanced in his briefs. Accordingly, we rely upon the arguments advanced by his attorney upon oral argument for clarification of the gist of defendant's contentions.

Two basic issues are presented for review in this appeal as we understand them:

1. Are Montana's compulsory automobile liability insurance statutes unconstitutional?

2. Is defendant's waiver of a jury trial invalid?

Defendant argues that Montana's compulsory automobile liability insurance statutes deprive him of due process and equal protection of the laws in violation of United States constitutional guarantees. These statutes require the owner of a motor vehicle registered and operated in Montana to procure and maintain an automobile liability insurance policy in specified amounts, or secure a certificate of self-insurance, or post an indemnity bond. Section 61-6-301, MCA. He must certify the same to the county treasurer before he can register the vehicle. Section 61-6-302, MCA. Certain exemptions from these requirements not pertinent to this case are provided. Section 61-6-303, MCA. Violation of these requirements constitutes a misdemeanor subjecting the violator to a fine not exceeding $25.00 prior to 1981. Sections 61-6-304, 61-3-601, MCA.

We hold these statutes do not deprive defendant of due process of law. A state may exercise its police power to promote the health, welfare and safety of the public. New Orleans Public Service v. New Orleans (1930), 281 U.S. 682, 50 S.Ct. 449, 74 L.Ed. 1115; Dakota Cent. Telephone Co.

v. State of South Dakota (1919), 250 U.S. 163, 39 S.Ct. 507, 63 L.Ed. 910. A statute enacted under a state's police power must be reasonably related to a permissible legislative objective to satisfy substantive due process guarantees. Goldblatt v. Town of Hempstead (1962), 369 U.S. 590, 82 S.Ct. 987, 8 L.Ed.2d 130; Yellowstone Valley Elec. v. Ostermiller (1980), ___ Mont. ___, 608 P.2d 491, 37 St.Rep. 536. Use of the highways is subject to reasonable regulation for the public good. Hendrick v. Maryland (1915), 235 U.S. 610, 35 S.Ct. 146, 59 L.Ed. 379; City of Billings v. Herold (1956), 130 Mont. 138, 296 P.2d 263; Escobedo v. State Department of Motor Vehicles (1950), 35 Cal.2d 870, 222 P.2d 1, and cases cited therein. A state can constitutionally require the procurement of liability insurance or the deposit of security by owners of motor vehicles as a condition for licensing them. Ex Parte Poresky (1933), 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Escobedo, supra; Manzanares v. Bell (1974), 214 Kan. 589, 522 P.2d 1291; Andrew v. State (1977), 238 Ga. 433, 233 S.E.2d 209. No less authority than the United States Supreme Court has so stated:

> "If the statute barred the issuance of licenses to all motorists who did not carry liability insurance or who did not post security, the statute would not, under our cases, violate the Fourteenth Amendment."
> Bell v. Burson (1971), 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94.

Defendant's argument to the contrary borders on the frivolous.

Nor do Montana's compulsory automobile liability insurance statutes deny defendant equal protection of the laws. Montana's statutes are not subject to the "strict

scrutiny" test of equal protection because they do not burden a fundamental right (G. D. Searle & Co. v. Cohn (1982), _____ U.S. _____, _____ S.Ct. _____, _____ L.Ed.2d _____ (No. 80-644, decided February 24, 1982); Dunn v. Blumstein (1972), 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274) nor constitute invidious discrimination against a suspect class (Graham v. Richardson (1971), 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534; Loving v. Virginia (1967), 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010). The "rational relationship" test determines whether our statutes satisfy constitutional equal protection requirements, i.e., are Montana's compulsory insurance statutes rationally related to the achievement of legitimate governmental objectives. G. D. Searle & Co., supra. The requirement that motorists carry automobile liability insurance clearly bears a rational relationship to a legitimate governmental interest, viz. protecting persons using the public highways from financially irresponsible, negligent motorists. It is a reasonable regulation to carry out this objective.

While it is true that owners of automobiles are burdened with the cost of purchasing automobile liability insurance to which nonmotorists are not burdened, this does not unconstitutionally discriminate against the poor or indigent who cannot afford insurance any more than it discriminates against those who cannot afford to purchase automobiles to operate on public highways. Escobedo, supra; Hadden v. Aitken (1952), 156 Neb. 215, 55 N.W.2d 620. The fallacy of defendant's argument that motorist protection laws favor the rich over the poor "lies in the failure to distinguish between equality of opportunity and ability to

-5-

take advantage of the opportunity which is offered to all." In Re Opinion of the Justices (1925), 81 N.H. 566, 129 A. 117. A law that confers equal rights and equal duties on all citizens of a given class does not offend equal protection guarantees. State v. McCourt (1974), 131 N.J.Super. 283, 329 A.2d 577; Williams v. Newton (Fla. 1970), 236 So.2d 98; Escobedo, supra; In Re Opinion of the Justices, supra. The legislative classification must be sustained unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. Frontiero v. Richardson (1973), 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583.

Defendant has acknowledged that he knows of no cases where a mandatory automobile liability insurance law has been held unconstitutional, and we have found none. Such laws have been universally upheld against equal protection challenges. See cases collected in Annot., 39 ALR 1028 (1925), supplemented in Annot., 69 ALR 397 (1930).

Defendant argues that his waiver of a jury trial is invalid because the judge advised him that only legal questions were involved in his constitutional attack and that it was the function of the judge and not the jury to decide questions of law. Accordingly, he contends that his waiver was not voluntary because the judge failed to advise him that the jury could render a verdict against the law.

We hold that defendant's waiver of a jury trial was valid, effective and operative. The record discloses that this case was twice set for jury trial. The record contains a written waiver of a jury trial by defendant in his own handwriting. The record shows that thereafter defendant

submitted two briefs and the judge ruled against him on purely legal grounds. The record is barren of any indication that the judge either advised him or failed to advise him contrary to law.

It is the function of the court, not the jury, to decide questions of law. Section 46-16-103(2), MCA; section 46-17-201(3), MCA. Only questions of law are presented in defendant's constitutional attack on the statutes.

Assuming, arguendo, that everything defendant contends the judge told him or failed to tell him is true, the error is harmless beyond a reasonable doubt. Any error which does not affect substantial rights shall be disregarded. Section 46-20-702, MCA. No action shall be reversed unless the record shows the error was prejudicial. Section 46-20-701, MCA. This case presents only questions of law for the judge's determination so no substantial right of defendant has been prejudiced. See State v. Howard (1981), ___ Mont. ___, 637 P.2d 15, 38 St.Rep. 1980.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____

_____
Justices

-7-