No. 98-229

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 296N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD E. WILSON,

Defendant and Appellant.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable William Nels Swandal, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Richard E. Wilson, Pro Se, Denton, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Patricia J. Jordan,

Assistant Attorney General; Helena, Montana

Thomas P. Meissner, Fergus County Attorney; Lewistown, Montana

Submitted on Briefs: October 22, 1998

Decided: December 3, 1998

Filed:

No

_____

Clerk


Justice Terry N. Trieweiler delivered the opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. This is an appeal by the defendant, appearing pro se, from a bench trial judgment and sentencing order of the Tenth Judicial District Court, Fergus County, finding the appellant guilty of driving without a valid driver's license, failure to exhibit proof of registration, and failure to exhibit proof of liability insurance. We affirm the judgment of the District Court.**

**¶3. The following issues are presented on appeal:**

**¶4. 1. Does the manner in which the judgment and sentencing order was captioned render it nonbinding?**

**¶5. 2. Did the District Court err by conducting a bench trial without a written waiver of jury trial?**

**¶6. 3. Did the District Court erroneously sentence appellant for a charge which had been dismissed?**

**¶7.4.Do the motor vehicle codes deny appellant his constitutional freedom to travel or his right to due process of law?**

FACTUAL BACKGROUND

**¶8. On June 23, 1997, appellant Richard E. Wilson was cited for allegedly violating**

§ 61-5-102, MCA, driving without a valid license; § 61-3-322, MCA, failure to exhibit certification of registration; and two violations of § 61-6-302, MCA, failure to exhibit proof of insurance upon demand and failure to carry proof of insurance.

¶9. A nonjury trial was held in Justice Court, where appellant was convicted of all four violations. He appealed to District Court, where one of the proof of insurance citations was dismissed. Another bench trial was conducted and appellant was again convicted of the remaining offenses.

¶10. On appeal, appellant has failed to provide this court with the trial transcript, as required pursuant to Rule 9(b), M.R.Civ.P., and the facts underlying the offenses remain unknown to us. However, they are unnecessary to the disposition of the issues before this Court.

## ISSUE 1

¶11. Does the manner in which the judgment and sentencing order was captioned render it nonbinding?

¶12. Appellant contends that the District Court's sentencing order and judgment was "addressed to a misnomer, fictitious entity pseudonym" and not to appellant. He further contends that this "variance" is fatal.

¶13. The caption identified the appellant as "Richard E. Wilson." Appellant asserts that his name is actually "Richard Earl., of wilson." He identifies "Richard" as his "nomen," "Earl" as his "pronomen," and "wilson" as his "cognomenation." Appellant is merely identifying the parts of his name by their Latin terms. Translated into modern English, a "nomen" is a person's name, a "pronomen" is a person's second name, and a "cognomenation" is a person's surname. Therefore, appellant was identified in the caption by his name, the first initial of his second name, and his surname. While there is some variation between the more common form used by the District Court and the rather unique form chosen by the appellant when writing his own name, the caption more than adequately identifies appellant as the party in interest.

¶14. We find that the caption clearly identifies the appellant by name and surname, and appellant's efforts to distinguish his name from that shown on the caption by

means of punctuation and terminology are wholly unpersuasive. We conclude that the District Court properly captioned its sentencing order and judgment.

## ISSUE 2

¶15. Did the District Court err by conducting a bench trial without a written waiver of jury trial?

¶16. We review a District Court's interpretations of the law for correctness. *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.

¶17. "The right to trial by jury may be waived by consent of the parties expressed in such a manner as the law may provide." Art. II, Sec. 26, Mont. Const.

¶18. Montana law has separate provisions for the waiver of jury trials for felony and misdemeanor offenses. In felony cases, a defendant's waiver of his right to a jury trial must be written, pursuant to § 46-16-110, MCA. In misdemeanor cases, the applicable statute is § 46-17-201, MCA, which does not require that consent be memorialized in writing. Where the legislature includes particular language in one section of the criminal code, but excludes it in another, we will generally presume that the legislature acted intentionally and purposely to do so.

¶19. Accordingly, we hold that appellant's oral waiver of a jury trial meets the relevant statutory requirements, and the District Court did not err by proceeding with a bench trial without the written consent of appellant.

## ISSUE 3

¶20. Did the District Court erroneously sentence appellant for a charge which had been dismissed?

¶21. During trial, one of the alleged violations of § 61-6-302, MCA, was dismissed. Appellant contends that the District Court convicted him of the dismissed offense.

¶22. From our review of the judgment from the District Court it is clear that appellant was convicted of only the three remaining charges, and sentenced accordingly. Therefore, his contention has no merit.

## ISSUE 4

**¶23. Do the motor vehicle codes deny appellant his constitutional freedom to travel or his right to due process of law?**

**¶24. We presume legislative enactments to be constitutional and they will be upheld on review "except when proven to be unconstitutional beyond a reasonable doubt."** *State v. Lilburn* **(1994), 265 Mont. 258, 262, 875 P.2d 1036, 1039,** *cert denied* **(1995), 513 U.S. 1078, 115 S. Ct. 726, 130 L. Ed. 2d 630.**

**¶25. Appellant contends that he has been denied his constitutional rights to freedom of travel and due process of law by the state's licensing and insurance regulations. These issues have previously been addressed in our case law.**

**¶26. The right to travel on public highways is not absolute. It is subject to reasonable regulation by the state, pursuant to the police power granted by the Constitution. We have previously held that the motor vehicle codes are a valid use of the police power.** *See State v. Skurdal* **(1988), 235 Mont. 291, 295, 767 P.2d 304, 307. We have also previously held that requiring automobile insurance coverage and the registration of vehicles is a valid use of the police power, and does not violate the due process requirements of the United States Constitution.** *See State v. Turk* **(1982), 197 Mont. 311, 314, 643 P.2d 224, 226. Therefore, we hold that appellant's constitutional rights have not been violated.**

**¶27. We affirm the judgment of the District Court.**

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ J. A. TURNAGE

/S/ WILLIAM E. HUNT, SR.

No

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON