No. 14832

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

HOWARD S. WRIGHT CONSTRUCTION COMPANY,
a Washington Corporation, and SAFECO
INSURANCE COMPANY,

                    Plaintiffs and Respondents,

     -vs-

F. E. DeBEER MECHANICAL CONSTRUCTION
COMPANY, et al.,

                    Defendants and Appellants.

---

Appeal from:  District Court of the Fifth Judicial District,
              Honorable Frank E. Blair, Judge Presiding.

Counsel of Record:

     For Appellants:

          Berg, Angel, Morgan and Coil, Bozeman, Montana
          Ben Berg argued, Bozeman, Montana

     For Respondents:

          Brown, Pepper and Kommers, Bozeman, Montana
          Gene Brown argued, Bozeman, Montana

---

                    Submitted:  December 12, 1979
                     Decided: DEC 31 1979

Filed:   DEC 31 1979


_Thomas J. Kearney_
                              Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This appeal is by DeBeer Mechanical Construction Company from a judgment entered against it in the Fifth Judicial District, Madison County.

Big Sky of Montana, Inc. (Big Sky) is the developer of a condominium project known as Stillwater Condominiums located in Madison County, Montana. By written contract dated April 19, 1973, Big Sky entered into a contract with Howard S. Wright Construction Company (Wright) whereby Wright became the general contractor for the construction of the condominiums.

Wright entered into a subcontract with F. E. DeBeer Mechanical Construction Company (DeBeer) under the terms of which DeBeer was to do the plumbing and mechanical work on the condominiums. DeBeer commenced work under a verbal agreement during the spring of 1973. The verbal agreement was reduced to writing on August 15, 1973. The subcontract between Wright and DeBeer contains an indemnity provision as follows:

> "(1)  To indemnify and save harmless the CONTRACTOR from and against any and all suits, claims, actions, losses, costs, penalties, and damages, of whatsoever kind or nature, including attorney's fees, arising out of, in connection with, or incident to the SUB-CONTRACTOR'S performance of this SUBCONTRACT."

Regene Shannon was a plumber employed by DeBeer. On October 4, 1973, Shannon arrived for work at Building B of the Stillwater Condominiums. Shannon was scheduled to work on the second floor of the building, but Wright had failed to provide access to the second floor. Wright had transferred its framing crew to another project at Big Sky. While Shannon was attempting to gain access through a second floor window, his ladder slipped

-2-

and Shannon fell to the ground suffering severe injuries to his right ankle.

Shannon filed a personal injury suit against Wright, De-Beer and Big Sky on October 3, 1975. During the course of the suit Shannon entered into a "stipulation of dismissal" with DeBeer on November 9, 1977 in consideration of payment of $3,000 by DeBeer. Continuing the cause against Wright and Big Sky, Shannon obtained judgment against both in the amount of $250,000. The case was appealed and affirmed by this Court in Shannon v. Howard S. Wright Const. Co. (1979), ____ Mont. _____, 593 P.2d 438, 36 St.Rep. 632. Wright and its insurer paid the full amount of the judgment and did not seek contribution from Big Sky.

Subsequently Wright brought this declaratory judgment action attempting to place the ultimate responsibility for the personal injury judgment on DeBeer and its insurers. Two claims for relief were alleged in Wright's amended complaint: (1) that DeBeer was required to indemnify Wright based upon an indemnity provision contained in the subcontract, and (2) that DeBeer breached a provision of the subcontract by not having Wright named as an additional insured on DeBeer's insurance coverage.

Trial was held on September 25, 1978, and the District Court entered judgment in favor of Wright on January 19, 1979. The District Court concluded that Wright was passively negligent and that the indemnity clause in the subcontract is clear, unambiguous and intended to cover all suits. It therefore rendered DeBeer liable to indemnify Wright.

It is from this judgment DeBeer appeals setting forth the following issues for our review:

(1) Does the indemnity provision in the subcontract protect Wright, the indemnitee, from its own negligence?

-3-

(2) Was Wright, the indemnitee, actively negligent?

(3) Can DeBeer be required to pay Big Sky's portion of the personal injury judgment?

Recently, this Court held that an employer who had paid an employer benefits pursuant to a Workers' Compensation claim is not subject to further liability arising out of the injuries of the employee as to a third party claiming contribution for indemnity from the same industrial accident. However we expressly excluded from that rule those cases in which there was "some other legal transaction" between the parties. Cordier v. Stetson-Ross, Inc. (1979), _____ Mont. _____, ___ P.2d _____, 36 St.Rep. 2107, 2113.

In the present case there is "some other legal transaction" consisting of a contract of indemnity which includes not only the negligent acts of DeBeer but also those of Wright. Under Ballard v. Vollestedt Kerr Lumber Company (1973), 163 Mont. 324, 517 P.2d 349, this clause can be enforced.

As to the second issue, if the indemnity provision is broad enough, as appears here, to include the negligent acts of Wright, it makes no difference if Wright was actively or passively negligent.

> "With respect to an indemnification claim based on a tort, resort can be had to consideration of whether the negligence of each is 'active' or 'passive', or 'primary' or 'secondary', to determine whether the difference in the gravity of the fault of the participants is sufficient to justify burdening one party with the entire loss. Great Northern Railway Company v. United States (D. Mont. 1960), 187 F. Supp. 690, 693; Fletcher v. City of Helena (1973), 163 Mont. 337, 517 P.2d 365.

> "However, these cases do not apply to a theory of indemnity based upon contract. In an indemnity action arising out of contract, the 'application of the theories of "active" or "passive" as well as "primary" and "secondary" negligence is inappropriate.' Weyerhaeuser S.S. Co. v. Nacirema Operating Co. (1958), 355 U.S. 563, 569, 78 S.Ct. 438, 442, 2 L Ed 2d 491, 495; Hill v. George Engine Company (D. La. 1961), 190 F.Supp. 417." Ferguson v. Town Pump, Inc. (1978), _____ Mont. _____, 580 P.2d 915, 920, 35 St.Rep. 824, 830.

-4-

Since a separate contractual agreement does exist in the present case, this degree of negligence rule is not applicable.

As for the covenant not to sue, it only protects DeBeer from any further action by Shannon relating to the same accident. The right of Wright to collect on the indemnity clause cannot be affected by a contract between other parties (i.e. Shannon and DeBeers).

This same reasoning resolves the last issue. Irrespective of which of the two parties in fact paid the full amount of the judgment, the judgment in this case is against Wright and Big Sky and does not involve a comparative negligence situation. As a result, a right to contribution does not arise and in any event DeBeer has no standing to raise such an issue. See Consolidated Freightways Corporation v. Osier (1979), _____ Mont. _____, _____ P.2d _____, 36 St.Rep. 1810; Panasuk v. Seaton (D. Mont. 1968), 277 F.Supp. 979.

The decision of the District Court is affirmed.

_____
                    Justice

We Concur:

_____
       Chief Justice

_____

_____
              Justices

-5-