No. 84-372

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

WARREN LOU RAISLER,

       Plaintiff and Appellant,

   -vs-

BURLINGTON NORTHERN RAILROAD CO., a
Delaware Corp., and ROSS-KO GRAIN,

       Defendants,
  and

BURLINGTON NORTHERN RAILROAD COMPANY,

       Third-Party Plaintiff and Petitioner,

   -vs-

FARMERS UNION ELEVATOR COMPANY,

       Third-Party Defendant and Respondent.

---

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

     For Plaintiff/Petitioner:

         Thomas W. Spence argued for Burlington Northern,
         Billings, Montana

     For Defendant/Respondent:

         Anderson, Brown, Gerbase, Cebull & Jones; Steven J.
         Harman & Cynthia R. Woods argued for Farmers Union
         Elevator, Billings, Montana
         Herndon, Harper & Munro; Rodney T. Hartman, Billings,
         Montana (Ross-Ko Grain)
         Towe, Ball, Enright & Mackey; Thomas E. Towe, Billings,
         Montana (Raisler)

---

             Submitted: February 21, 1985

             Decided: December 31, 1985

Filed DEC 31 1985

*Ethel M. Harrison*

---

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The United States District Court for the State of Montana has certified two questions to this Court from a federal action for personal injuries and a derivative third party suit for contribution or indemnity. The questions, as certified to us by the federal court, are:

1. When an injured employee sues a third party for damages and the third party joins the employer as a third party defendant seeking contribution or indemnity, is the assertion of § 39-71-411, MCA, by the third party defendant employer as a defense, unconstitutional as it is applied to the third party plaintiff? Our answer is no.

2. When an injured employee sues a third party for damages, and the third party joins the employer as a third party defendant seeking contribution or indemnity, and the employer has signed a written agreement with the provisions outlined in this certification, can the employer assert § 39-71-411, MCA, as a complete defense to the third party action? Our answer is yes.

The certification order of the United States District Court sets forth the following allegations of fact: Warren Raisler was employed as a laborer by Farmers Union Elevator Company (Farmers). While loading grain cars at Farmers' facility, he fell from the top of a grain car that was being moved by a co-employee. Mr. Raisler sustained severe injuries, including a partial amputation of his foot. He has received workers' compensation benefits from Farmers for his injuries.

Mr. Raisler initiated a personal injury action in Yellowstone County District Court. He named Ross-Ko Grain (Ross-Ko) and Burlington Northern Railroad Company (Burlington Northern) as defendants. He alleged that

2

Ross-Ko, a Minnesota corporation, owned the railroad cars into which he was loading grain at the time of the accident. Burlington Northern, a Delaware corporation, allegedly owned the tracks and the land where the accident occurred. Farmers' grain handling facility is situated on land leased from Burlington Northern. The suit was removed to federal court based on the parties' diversity of citizenship.

Burlington Northern joined Farmers as a third party defendant and sought contribution and/or indemnity from Farmers, should Burlington Northern ultimately be found liable to Farmers' employee, Raisler. Farmers moved for summary judgment on the ground that § 39-71-411, MCA, limited its liability to the payment of workers' compensation benefits.

Section 39-71-411, MCA, provides:

> **Provisions of chapter exclusive remedy - nonliability of insured employer.** For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. . . .

The federal court requests this Court's interpretation of § 39-71-411, MCA, as it relates to the Montana Constitution.

I

Montana enacted the Workmen's Compensation Act in 1915. Sec. 1, Chap. 96, Laws 1915. Under the statutory compensation scheme, employees relinquished their common law remedies

3

against employers in exchange for employers' guarantee to pay compensation for work-related injuries regardless of fault. The Act limited employers' liability to workers' compensation benefits and provided that a claim under the Act was an injured worker's exclusive remedy against an employer that was covered by the Act. Section 92-204, R.C.M. (1947).

Because the common law at that time left many work-related injuries uncompensated, Montana's transition to a statutory remedy was advantageous to workers. However, in light of improved prospects for recovery under modern tort theories, workers and third parties are turning increasingly to the courts for exemption from the exclusive remedy rule. "Continuing challenges to the exclusive remedy rule reveal an underlying tension between the workers' compensation system and the tort system." Note, Exceptions to the Exclusive Remedy Requirements of Workers' Compensation Statutes, 96 Harv. L. Rev. 1641 (1983). The creation of common law exceptions to the exclusive remedy rule reflects a judicial attempt to reconcile the workers' compensation scheme with modern tort theories, such as strict liability and comparative negligence. Courts have sought by various means to reconcile the relatively modest awards given to injured workers with larger monetary recoveries allowed in modern tort cases.

II

Burlington Northern here asserts its right to collect from Farmers on the grounds of contribution or, in the alternative, on the express indemnity provisions in the lease agreement between Burlington Northern and Farmers. With regard to the theory of contribution, Burlington Northern claims that it was Farmers' act of negligence that caused the accident and affords the basis for contribution. Burlington

4

Northern contends that it was only passively negligent, if at all. The indemnity allegation is based upon the express indemnity provisions contained in the lease agreement.

Contribution distributes loss among joint tortfeasors by requiring each to pay his proportionate share based upon his proportion of the negligence which proximately caused the injuries. Section 27-1-703(1), MCA, authorizes contribution between tortfeasors.

Indemnity, on the other hand, shifts the entire loss from the one who has been required to pay it to the one who should bear the loss. W. Prosser, Law of Torts, § 51 at 310 (4th ed. 1971). "The right of indemnity is based upon an independent duty or obligation owed by the employer to the third party, either as the result of express contract or as the result of an implication raised by law." 2A Larson, Workmen's Compensation Law, § 76.13 at 14-571 (1983).

In 1977, § 39-71-411, MCA, provided that an insured employer "is not subject to any liability whatever for the death of or personal injury to an employee" who is covered by the Act. The 1977 statute did not mention contribution or indemnity.

This Court interpreted that statute in Cordier v. Stetson-Ross, Inc. (1979), 184 Mont. 502, 604 P.2d 86. We concluded that the statute protected employers from damages sought by third parties under a theory of contribution. That conclusion is in accord with the current majority rule that a third party cannot sue or join a negligent employer as a joint tortfeasor under contribution statutes or at common law. 2A Larson, Workmen's Compensation Law, § 76.20 at 14-591 (1983).

In Cordier, the Court also concluded that the exclusive remedy provision of the Workers' Compensation Act barred a

5

claim for noncontractual indemnity. No express indemnity contract was involved in Cordier, and the Court reserved any ruling on such indemnity. Cordier, 184 Mont. at 513, 604 P.2d at 92.

While the appeal in Cordier was pending, the 1979 Montana Legislature amended § 39-71-411, MCA. In addition to the proviso that the employer is not liable for death or injury to an employee covered by the Act, the amendment provided that employers shall not be liable "for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death."

### III

The first certified question is:

Where an injured employee sues a third party for damages and the third party joins the employer as a third party defendant seeking contribution or indemnity, is the assertion of § 39-71-411, MCA, by the third party defendant employer as a defense, constitutional as it is applied to the third party plaintiff? Phrased more succinctly: Is it constitutional for an employer to use § 39-71-411, MCA, as a complete defense to a third party claim for contribution or indemnity?

Burlington Northern argues that the limitation contained in § 39-71-411, MCA, violates Art. II, §§ 16 and 17 of the Montana Constitution.

Art. II, § 16, Mont. Const. 1972 provides in part that courts of justice shall be open to every person and speedy remedy afforded for every injury. Burlington Northern argues that § 39-71-411, MCA, deprives Burlington Northern of its constitutional right to a remedy for every injury and full legal redress.

6

The 1889 Constitution had a comparable provision. Art. III, § 6, Mont. Const. 1889 states:

> Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property, or character; and that right and justice shall be administered without sale, denial, or delay.

This provision was interpreted in Shea v. North-Butte Mining Co. (1919), 55 Mont. 522, 179 P. 499, a personal injury action by a miner against his employer. Shea's counsel argued that the Workmen's Compensation Act of 1915 was repugnant to the constitutional guarantee that courts of justice shall be open to every person and a speedy remedy afforded for every injury. Shea insisted that the legislature could not abolish an injured worker's right to sue in tort. This Court discussed the basis for the legislature's adoption of the Act:

> [T]he object sought was to substitute for the imperfect and economically wasteful common-law system by private action by the injured employee for damages for negligent fault on the part of the employer, which, while attended with great delay and waste, compensated those employees only who were able to establish the proximate connection between the fault and the injury, a system by which every employee in a hazardous industry might receive compensation for any injury suffered by him arising out of and during the course of the employment . . . In other words, the theory of such legislation is that loss occasioned by reason of injury to the employee shall not be borne by the employee alone as it was under the common-law system, but directly by the industry itself, and indirectly by the public . . .

Shea, 55 Mont. 528-29, 179 P. at 500.

The Shea rationale with regard to the theory of workers' compensation was reaffirmed a number of times after its initial declaration in 1919. Finally, the rationale was

recognized in the 1972 Montana Constitution. Art. II, § 16, Mont. Const. 1972 states:

> Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character. No person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state. Right and justice shall be administered without sale, denial, or delay.

(Emphasis supplied.) The underscored sentence was added to the original provisions of Art. III, § 6, Mont. Const. 1889. An explanation of the amendment is set forth in a Committee Report to the Constitutional Convention:

> The committee voted unanimously to retain this section with one addition. The provision as it stands in the present Constitution guarantees justice and a speedy remedy for all without sale, denial or delay. The committee felt, in light of a recent interpretation of the Workmen's Compensation Law, that this remedy needed to be explicitly guaranteed to persons who may be employed by one covered by Workmen's Compensation to work on the facilities of another. Under Montana law, as announced in the recent decision of Ashcraft v. Montana Power Co., the employee has no redress against third parties for injuries caused by them if his immediate employer is covered under the Workmen's Compensation Law. The committee feels that this violates the spirit of the guarantee of a speedy remedy for all injuries of person, property or character. It is this specific denial--and this one only--that the committee intends to alter with the following additional wording: "no person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state." In other words the committee wants to insure that the Workmen's Compensation Laws of the state will be used for their original purpose--to provide compensation to

> injured workmen--rather than to deprive
> an injured worker of redress against
> negligent third parties (beyond his
> employer and fellow employees) because
> his immediate employer is covered by
> Workmen's Compensation.

Montana Constitutional Convention, Committee Report at 636 (1972). There is no indication of intent to modify or change an _employer's_ liability to an injured worker. The change was specifically aimed at allowing recovery by a worker against a responsible third party.

For the first time, the Montana Constitution provided that the State could deprive an employee of full legal redress against his employer for injury incurred during employment. That is a express constitutional recognition of the rationale originally stated in _Shea_.

Burlington Northern's challenge to § 39-71-411, MCA, is based primarily on the first sentence of Art. II, § 16, which provides that courts of justice shall be open to all and a speedy remedy afforded for every injury. This contention tends to disregard the next sentence in § 16, which specifically limits recovery for work-related injuries. We conclude that Art. II, § 16 must be considered in its entirety, including the second sentence which limits the broad guarantees contained in the first sentence.

The pertinent part of the second sentence states:

> No person [Raisler] shall be deprived of
> this full legal redress for injury in-
> curred in employment for which another
> person [Burlington Northern] may be
> liable except as to . . . his immediate
> employer [Farmers] . . .

The sentence makes certain that no employee is deprived of redress against a third party. However, it allows an employee to be deprived of full legal redress against his employer.

9

In substance, § 39-71-411, MCA, provides that Farmers is not liable for a claim for contribution or indemnity asserted by Burlington Northern, a third party. If this limitation can be interpreted as an extension of the limitation on the worker's right to claim against his employer, then the limitation would be expressly authorized by Art. II, § 16, Mont. Const. 1972.

Is there a reason to distinguish between a claim by a third party for contribution or indemnity and a claim asserted directly by the employee? This question was answered in Cordier, where this Court stated:

> It is our opinion that the broad provisions of section 92-204.1, R.C.M. 1947, now section 39-71-411, MCA, require us to hold that the provisions of the Workers' Compensation Act are exclusive as to the liability of the employer for damages sustained by the injured employee whether they are sought by the employee directly, or by a third party under contribution. Our statute rules out "any liability whatever" even before it goes on to state that the employee and those under him are limited to such recovery as the Act allows against the employer. The language "any liability whatever" would be surplusage unless it is read to mean liability not only to the employee and those claiming under him, but also any other party attempting to claim liability against the employer for the same incident.

Cordier, 184 Mont. at 508-09, 604 P.2d at 89-90. Under the Cordier holding, the employer was liable to the employee for workers' compensation benefits, but the employer was found to be free of any other liability to the employee or to any other party attempting to claim liability against the employer as a result of the same injury. In Montana, there is no distinction between a third party claim for contribution or indemnity against an employer and a claim by an employee asserted directly against the employer.

10

In White v. State (Mont. 1983), 661 P.2d 1272, 40 St.Rep. 507 and in Pfost v. State of Montana, Supreme Court Cause No. 85-007, decided December 31, 1985, this Court struck down two Montana statutes as unconstitutional, on the grounds that the right to bring an action for personal injuries was a fundamental right and that any statutory abridgment of that fundamental right must pass the test of strict scrutiny. Those holdings are not applicable in the present case. Because an employer's immunity from tort liability in a workers' compensation case is constitutionally recognized in Art. II, § 16, Mont. Const., we conclude no analysis of § 39-71-411, MCA, on a strict scrutiny theory is required.

In a similar manner, in Hall v. State Comp. Ins. Fund (Mont. 1985), 708 P.2d 234, 42 St.Rep. 1502, the Court disallowed subrogation by an insurance company against an employee. The Court concluded that it would be an unconstitutional application of an otherwise constitutional statute if the State Fund were granted subrogation against a claimant employee who had not achieved full legal redress.

Here we are not concerned with an employee as in Hall, but rather the third party who has been sued by the employee. The third party claims that its constitutional right of full legal redress against the employer has been eliminated. We have already concluded that an employee, may be constitutionally deprived of full legal redress against his employer, both directly and indirectly. We conclude that there is no distinction between a direct claim by Raisler, the employee, against Farmers, the employer, or an indirect claim by Burlington Northern, third party, against Farmers, the employer. Hall does not conflict with our holding here.

11

In our analysis of Art. II, § 16, Mont. Const., we conclude that, in workers' compensation cases, the second sentence affords a limitation upon the broad provisions in the first sentence. We conclude that where an employer has provided workers' compensation coverage, an employee constitutionally may be deprived of full legal redress for injury against his employer, both directly and indirectly. We hold that in denying liability for any claims for contribution or indemnity by a third party, § 39-71-411, MCA, does not violate Art. II, § 16, Mont. Const.

Burlington Northern also argues that § 39-71-411, MCA, violates Art. II, § 17, Mont. Const. which provides that: "No person shall be deprived of life, liberty, or property without due process of law." Burlington Northern argues that the statute deprives a third party plaintiff of its substantive right to contribution. Because no reasonable substitute has been provided, Burlington Northern contends it has been unlawfully deprived of a due process right. We disagree.

Substantive due process analysis requires a test of the reasonableness of a statute in relation to the State's power to enact such legislation. "The essence of substantive due process is that the State cannot use its police power to take unreasonable, arbitrary or capricious action against an individual." Matter of C.H. (Mont. 1984), 683 P.2d 931, 936, 41 St.Rep. 997, 1002. In order to satisfy substantive due process guarantees, a statute enacted under a state's police power must be reasonably related to a permissible legislative objective. State v. Turk (1982), 197 Mont. 311, 314-15, 643 P.2d 224, 226.

The 1979 legislature amended § 39-71-411, MCA, specifically to preclude liability on the part of an insured

12

employer for contribution or indemnity to third parties. The legislative objective was to protect employers from "the great potential liability" that could result if employers were required to pay the amount collected by an employee in his action against a third party in addition to payment of the compensation benefits. Memorandum, Senate Judiciary Committee, February 7, 1979. Section 39-71-411, MCA, was amended to ensure that the scope of liability of employers would continue to be limited by the Workers' Compensation Act in spite of developing tort theories.

The effect of the amendment to § 39-71-411, MCA, was to promote the continued economic welfare of employers who pay into the State Fund and the welfare of employees who receive compensation benefits. We therefore conclude that the limitations contained in § 39-71-411, MCA, are reasonably related to the permissible legislative objective of protecting the public welfare.

We hold that assertion of § 39-71-411, MCA, as a defense to liability of an employer covered by the Act, does not violate Art. II, § 17, Mont. Const. 1972.

IV

The second certified question is:

Where an injured employee sues a third party for damages, and the third party joins the employer as a third party defendant seeking contribution or indemnity, and the employer has signed a written agreement with the provisions outlined in this certification, can the employer assert § 39-71-411, MCA, as a complete defense to the third party action?

As previously discussed, indemnity is an all or nothing proposition. It shifts the entire loss from the one who has been required to pay it to the one who should bear it. In

Cordier, this Court held that an employer who has paid workers' compensation benefits to an employee is not subject to indemnity based on a noncontractual claim by a third party. The Cordier Court did not rule on contractual indemnity.

Contractual indemnity was considered in Howard S. Wright Const. v. F.E. DeBeer Mech. (1979), 185 Mont. 47, 604 P.2d 323. Wright Const. allowed recovery by the plaintiff under a contractual indemnification provision executed by DeBeer, a subcontractor to Wright, the primary contractor. We distinguish that case from the present case, where Farmers asserts immunity under § 39-71-411, MCA. In Wright Const., the subcontractor did not assert a defense against liability nor claim immunity as an insured employer under § 39-71-411, MCA. As a result, the holding in Wright Const. is not controlling in the present case.

In this case, Farmers, as lessee, agreed in writing to indemnify and hold Burlington Northern harmless for any loss, damage, injury or death from any act or omission of Farmers, its employees or agent, to the person or property of the parties to the lease and their employees. In form, the indemnity provision in the lease agreement is broad enough to allow recovery as a matter of contract interpretation. Our question is whether Farmers can now assert § 39-71-411, MCA, as a complete defense to the action for contractual indemnity.

A majority of courts has recognized express contractual indemnity as an exception to the exclusive remedy rule. See, Annot., 100 A.L.R.3d § 8[b] at 380 (1980). The frequently-stated rationale is that the indemnity claim is by definition a separate legal cause based upon a contractual relationship and a contractual obligation. 2A Larson, Workmen's Compensation Law, § 76.42 at 14-630 (1983). The

increased exposure of the employer is bargained for and serves as consideration or at least partial consideration for whatever is received from the third party.  Robinson, Workmen's Compensation:  The Third Party Dilemma, 19 Idaho L. Rev. 259, 268 (1983).

Courts in three jurisdictions have concluded that their statutory language specifically precludes third party suits for contractual indemnity, and such contractual obligations are therefore void.  Roberts v. Gray's Crane & Rigging (Or.Ct.App. 1985), 697 P.2d 985; Paul Krebs & Assoc. v. Fritts Const. (Ala. 1978), 356 So.2d 638; Gulf Oil Corp. v. Rota-Cone Field Operating Co. (N.M.Ct.App. 1972), 505 P.2d 78.  The stated rationale in these cases is that if the employee is allowed to recover from a third party and then the third party is allowed to recover from the employer, the employer is subjected to double liability.

In view of these contradictions in legal theories, we find it important to review our Montana cases and Constitution.  Shea construed Montana's Act in relation to the 1889 Constitution and set forth reasons why the legislature adopted the workers' compensation system as a substitute for common law tort suits by an employee against his employer.  We concluded in Shea that the Act was a permissible exercise of legislative power, based on sound social policy of protecting injured workers.

The Constitutional Convention Committee which considered Art. II, § 16, Mont. Const. 1972, was keenly aware of a need to protect the interests of injured employees.  As previously discussed, it was that awareness that resulted in the addition of the second sentence in Art. II, § 16.

Indemnification of third parties was a commonly recognized theory of recovery at the time of the 1972

15

Constitutional Convention. The above-quoted Committee Report indicates that the Convention had in mind the 1889 Constitution and at least one judicial interpretation that limited an employee's right to sue third parties. Had the Convention chosen to do so, it could have amended Art. III, § 6, 1889 Mont. Const. to diminsh the protection granted to employers. The Convention concluded instead that the continued protection of employers covered by workers' compensation was proper.

As previously discussed, the legislature's 1979 amendment of § 39-71-411, MCA, expressed legislative intent that the liability of an employer should not be broadened in such a manner as to allow a third party to recover from an employer. As the bill's sponsor explained:

> With developments in the product liability law, a relatively new problem for employers has emerged. The injured employee collects compensation. He then sues the manufacturer or seller of the equipment which may have contributed to his injury. The manufacturer or seller of the equipment then sues the employer for the amount sought by the employee on the theory of implied or express indemnity. Thus, the employer is confronted with the possibility of not only paying workers' compensation benefits, but also the amount collected by the employee in his action against a third party.
>
> Oregon was confronted with this same problem and to protect the employers in that state from the great potential liability, it enacted an amendment to its law to protect its employers and insurers from such claims by the manufacturers or sellers.
>
> Senate Bill 322 is designed to accomplish the same result in Montana.

Memorandum, Senator John E. Healy, Senate Judiciary Committee, February 7, 1979. Legislative intent to protect employers from liability to third parties is clear. No distinction is made between contractual and equitable indemnity in the

16

statute itself or in the legislative history of the amendment.

The Montana Legislature chose not to grant a third party the right to recover on a contractual indemnity theory from an employer carrying workers' compensation insurance. That choice was consistent with the opinion of the people as expressed by their adoption of Art. II, § 16, Mont. Const. 1972. We conclude that neither the Convention nor the legislature desired to make a change which would grant a third party the right to recover from an employer on a contractual indemnity theory.

Burlington Northern argues that a failure to allow recovery against Farmers impairs the obligation of its indemnification contract. This subject was discussed at length in Neel v. First Federal Sav. and Loan Assoc. (Mont. 1984), 675 P.2d 96, 41 St.Rep. 18. Both Art. II, § 31, Mont. Const. and Art. 1, § 10, U. S. Const. prohibit the impairment of contracts. This Court pointed out in Neel that the two contract clauses have been construed interchangeably and set forth the test to be applied:

> The Supreme Court in Energy Reserves, noted that an examination of the legislation for validity under the contract clause requires a three step analysis. The threshold inquiry is "whether the state law has, in fact, operated as a substantial impairment of the contractual relationship." If there is no substantial impairment of the contractual relationship, the inquiry is ended. Second, if the legislation substantially impairs the contractual rights, "[t]he state, in justification, must have a significant and legitimate public purpose behind the regulation." Third, the adjustment of rights and responsibilities of contracting parties must be based "[u]pon reasonable conditions" and be "[o]f a character appropriate to the public purpose justifying the legislation's adoption." As the opinion notes, unless the State is a party to the contract, courts will

17

> properly defer to legislative judgment on
> this third step.

Neel, 675 P.2d at 104-05, 41 St.Rep. 27-28 (citations omitted).

We find that the statutory prohibition against enforcement of an indemnity contract is a substantial impairment of the contractual relationship that exists between Burlington Northern and Farmers. Thus, the threshold inquiry is met.

The second question is whether the State had a significant and legitimate public purpose in enacting the statute. As previously pointed out in Shea, the aim of the Workers' Compensation Act was to compensate every employee for any injury suffered during the course of employment, whether the employer was at fault or not. Employers who participated in the compensation system were guaranteed limited liability. The system was designed for the common good so that injured workers would not become public wards. This purpose is both significant and legitimate. The legislative purpose behind § 39-71-411, MCA, is to continue to guarantee limited liability to employers covered by the Act. The statutory prohibition against third party claims for contribution or indemnity was enacted with the purpose of perpetuating Montana's workers' compensation system in light of recent tort law development. We find this to be a significant and legitimate public purpose, which meets the second part of the test.

The third requirement is that the statutory adjustment of the rights and responsibilities of the contracting parties must be based upon reasonable conditions and be of a character appropriate to the purpose of the statute. In Neel, this Court concluded that where a State is a not a

18

party to the contract in question, courts will properly defer to legislative judgment. Neel, 675 P.2d at 105, 28 St.Rep. at 27-28. We conclude that it is proper to defer to the legislative judgment on this third point. We recognize that many courts have held that an action to enforce an indemnity contract is an action separate from the original claim for the injury of the employee, and recovery can therefore be allowed against the employer. That is not an appropriate distinction under our Workers' Compensation Act. As pointed out in Cordier, an employer should not be held liable for damages sustained by an injured employee, whether such damages are sought by the employee directly or indirectly through recovery from a third party.

In the present case, it is possible that Raisler could recover all of his damages in tort from Burlington Northern if he could prove that the negligence of Burlington Northern was a cause of his injuries, even though the principal cause of such injuries might have been the negligence of his employer. In the event of such a recovery by the employee, Burlington Northern then could claim its right to recover from Farmers on a contractual indemnity basis. The end result would be that the employee would recover indirectly from his employer all of his tort damages for the injury for which he also received compensation benefits. That indirect recovery is inappropriate. It would contradict the basic foundation of the workers' compensation law in this state, which imposes absolute liability upon an employer for injury to employees and eliminates all other liability on the part of the employer.

We conclude that the three-part test in Neel has been met. We hold that § 39-71-411, MCA, does not violate the constitutional prohibitions against impairment of obligation

19

of contracts, and that Farmers can assert § 39-71-411, MCA, as a complete defense to the third party action by Burlington Northern.

Shea, Cordier, and the Judiciary Committee Minutes on the amendment to § 39-71-411, MCA, set forth sound reasons for limiting employers' liability in order to protect the workers' compensation system in Montana.

We find the legislature's limitation on employers' liability to be constitutional. We conclude that an insured employer can properly assert § 39-71-411, MCA, as a complete defense to a third party action for express indemnity.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

20

Mr. Justice L. C. Gulbrandson dissenting.

I concur with the response to certified question no. 1, but would respond "no" to certified question no. 2.

The majority opinion states:

> The legislative purpose behind § 39-71-411, MCA, is to continue to guarantee limited liability to employers covered by the Act. The statutory prohibition against third party claims for constitution or indemnity was enacted with the purpose of perpetuating Montana's workers' compensation system in light of recent tort law development. (Emphasis added.)

In my view, the majority has done more than "continue" or "perpetuate" what was present at the time the legislature acted. This Court's previous pronouncements in DeShaw v. Johnson (1970), 155 Mont. 355, 472 P.2d 298 and Howard S. Wright Const. v. F. E. DeBeer Mech. (1979), 604 P.2d 323, 185 Mont. 47, were in line with the majority of the states in approving contractual indemnity.

I would allow contractual indemnity, where the parties have had the opportunity to negotiate, prior to any claim, the distribution of the loss, as long as the injured employee's right to bring an action against the third party is not prejudiced. Under current law, where an employee recovers from a third party, the employer's insurer can share in the recovery through subrogation. Section 39-71-414, MCA. Where an employee recovers from a passively negligent third party, it may now be possible for the employer's insurer to share under subrogation, no matter how careless the employer has been in preparing the work place, and even though the employer has specifically contracted, through liability insurance, or otherwise, to be personally liable to the third party. In my opinion, the legislature never intended, nor considered, such a result.

L. C. Gulbrandson
Justice

21