MR. JUSTICE GULBRANDSON,
dissenting.
I concur with the response to certified question No. 1, but would respond “no” to certified question No. 2.
The majority opinion states:
“The legislative purpose behind Section 39-71-411, MCA, is to continue to guarantee limited liability to employers covered by the Act. The statutory prohibition against third party claims for constitution or indemnity was enacted with the purpose of perpetuating Montana’s workers’ compensation system in light of recent tort law development.” (Emphasis added.)
In my view, the majority has done more than “continue” or “perpetuate” what was present at the time the legislature acted. This Court’s previous pronouncements in DeShaw v. Johnson (1970), 155 Mont. 355, 472 P.2d 298 and Howard S. Wright Const. v. F.E. DeBeer Mech. (1979), 604 P.2d 323, 185 Mont. 47, were in line with the majority of the states in approving contractual indemnity.
I would allow contractual indemnity, where the parties have had the opportunity to negotiate, prior to any claim, the distribution of the loss, as long as the injured employee’s right to bring an action against the third party is not prejudiced. Under current law, where an employee recovers from a third party, the employer’s insurer can share in the recovery through subrogation. Section 39-71-411, MCA. Where an employee recovers from a passively negligent third party, it may now be possible for the employer’s insurer to share under *270 subrogation, no matter how careless the employer has been in preparing the work place; and even though the employer has specifically contracted, through liability insurance, or otherwise, to be personally liable to the third party. In my opinion, the legislature never intended, nor considered, such a result.