MR. JUSTICE MORRISON,
specially concurring and dissenting:
I would affirm the granting of summary judgment in favor of defendant but for different reasons than those given by the District Court. By way of special concurrence, this Opinion comments on the general subject of the liability of one who sells alcoholic beverages.
Much misinformation has been publicly disseminated with respect to this Court’s holding in Nehring v. LaCounte (Mont. 1986), [219 Mont. 263,] 712 P.2d 1329, [43] St.Rep. [93], Inadequate reporting, poorly informed editorial comments, and propaganda dispensed by lobbyists for the Montana Tavern Association have led to the confusion. Perhaps the Court’s opinion in Nehring inadequately explained the basis of liability but appellate opinions are necessarily written for those trained in the law and they assume a certain amount of legal understanding. I believe it is in the public interest to provide a basic discussion of the legal premise rendering a tavern operator liable for an automobile accident.
The majority opinion in this case sets forth the statutory provisions making it unlawful for a retail licensee to sell alcoholic beverages to any intoxicated person. The duty to refrain from selling to intoxicated persons was created by the legislature, not by the courts. If a tavern operator sells to an intoxicated person, that tavern operator violates the law. Under well-established legal principles, which have been with us since we became a State, one who acts unlawfully *159 (negligently) and causes injury to another is liable for that harm. The only remaining question is whether the negligence in selling to an intoxicated person is one of the causes of injury to some person.
Prior to the decision in the Nehring case, the Montana court system had insulated taverns from liability by holding that the act of the drunk driver in causing the accident was an intervening act which protected the tavern owner. No real explanation for the holding was given. In fact, such a holding was contrary to basic well-established legal principles governing causation.
Where a tavern is sued by a person injured in an automobile accident, the first determination that must be made is whether the tavern violated the law by serving an intoxicated person. If the injured person can show that the tavern operator served an intoxicated person and was therefore negligent, the next question that must be answered is whether that negligence was a cause of the accident. The contention put forth on behalf of the tavern is always that the act of the drunk driver in crossing the center line (or whatever other action may have caused the accident) was an intervening act terminating the causal connection between the tavern’s negligence and the injury to the plaintiff. In determining whether the act of the drunk driver in fact cut the chain of causation thereby terminating any liability of the tavern, the courts must look to the Montana law governing whether intervening acts supersede original negligence.
The law which applies to making such a determination is well established in Montana although an exception had previously been made for tavern owners. If the intervening act (the act of the drunk driver in causing the accident) was an act which was foreseeable on the part of the one selling drinks in violation of the law then the liability of the seller would continue. If the act of the drunk driver was not foreseeable by the seller the liability for negligence in making the sale would be terminated by the intervening act of the drunk driver.
The tavern, therefore, remains liable for the original negligence in making the sale to the intoxicated person when the tavern operator, at the time of the sale, can foresee that sale of the alcoholic beverage to the intoxicated person may well result in an automobile accident. Only when the injured person can sustain this very difficult burden of proof will the tavern be liable.
The drunk driver remains liable for the plaintiff’s injuries. The drunk driver can also be prosecuted for aggravated assault or, in the *160 event of death, for homicide. Responsibility of the driver for his or her act is not lessened under our holding in the Nehring case.
It is true that the tavern, if found to be some part of the cause, can be held liable for damages. Under the laws of contribution, the tavern owner’s insurance company can apportion the injured person’s loss between the tavern owner’s insurance company and the insurance company covering the drunk driver. This is accomplished by determining the amount of negligence each contributed, by percentage, to the plaintiffs injuries. Therefore, if the tavern was found to be 10 percent of the cause and the drunk driver 90 percent of the cause, the loss would be apportioned between the two insurance companies on that basis. However, the injured person can, if he wishes, collect 100 percent of his loss against the drunk driver, or, for that matter, against the tavern. The apportionment of the loss between the two is handled separately and, under the law of joint and several liability, has no effect upon the plaintiff. If the drunk driver is uninsured, and is without personal assets, apportionment is made between the injured person’s uninsured motorist’s coverage and the tavern owner’s liability insurance policy.
I wish to emphasize that the Supreme Court created no new duties for tavern owners in the Nehring case. The duty was created by the legislature. This Court refused to impose immunity for tavern owners and determined that their unlawful acts would be judged on the same basis as the unlawful acts of all other citizens.
I dissent to the holding in this case and would affirm the granting of summary judgment by the trial court. In the Nehring case we allowed the case to go forward and be tried to a jury because there was evidence that the acts of the tavern in serving an intoxicated person may have concurred with the acts of the drunk driver in causing the accident there in question. In the Nehring case an innocent third person was killed and the lawsuit was brought by the survivors of that innocent third person. In this case, action is being instituted by the drunk driver seeking to recover for her injuries brought about as a result of the negligence of the tavern in violating the law. While there is evidence that the tavern served the plaintiff in an intoxicated condition and that negligence may have been a contributing cause of the accident, I would find the primary cause of the accident to be the act of the drunk driver, in this case the plaintiff herself.
Under Montana law, the plaintiff cannot recover against the defendant if the plaintiff’s negligence is more than the negligence of *161 the defendant. In this case, I would find that the injured plaintiff was, as a matter of law, more responsible for her own injuries than was the tavern which served her the alcoholic beverages.
I think this same result should follow in nearly every case where the injured person is the intoxicated driver. It is difficult for me to contemplate a fact situation where the drunk driver plaintiff would not be more responsible for his or her own injuries than the tavern that served the intoxicating beverages. Perhaps if an intoxicated person were in a totally helpless state and the tavern owner helped them to their car, turned the ignition key, and pushed them down the road, a different result would follow. Barring such an extreme fact situation, I believe the Court should find as a matter of law that the negligence of the drunk driver exceeds that of the tavern and deny recovery to the drunk driver for his or her own injuries.
MR. JUSTICE HARRISON concurs in the foregoing dissent of MR. JUSTICE MORRISON.