*330 MR. JUSTICE GULBRANDSON,
dissenting.
I respectfully dissent.
I would affirm the Workers’ Compensation Court ruling that the amendments found in Section 39-71-741, MCA, are procedural in nature and could be applied in this case even though claimant’s injury pre-dated the amendments.
I would reverse the holding of the Workers’ Compensation Court that the discounting provision in Section 39-71-741, MCA, if applied retroactively to Buckman’s award, would violate the contract clauses of both the United States and Montana Constitutions.
Those of us who feel that present Workers’ Compensation benefits are inadequate may find the majority opinion to be an insurmountable obstacle in the event the legislature, in a better economic climate, should attempt to increase benefits for previously injured workers. The Nevada Supreme Court in K-Mart Corporation v. State Industrial Insurance System (1985), 101 Nev. 12, 693 P.2d 562, upheld an increase of benefits to workers injured prior to statute amendments and specifically ruled that such an amendment was not an unconstitutional impairment of a contract. The majority opinion effectively rules out the possibility of future relief for previously injured workers in Montana.
The Constitutionality of Senate Bill 281 “is prima facie presumed, and every intendment in its favor will be made unless its unconstitutionality appears beyond a reasonable doubt.” T & W Chevrolet v. Darvial (1982), 196 Mont. 287, 641 P.2d 1386, 1370.
In my view, the laws relating to lump sum conversions are unrelated to the enforcement of the bargained for promises of the parties and therefore should not be construed as a part of a contract subject to Contract Clause scrutiny.
However, even if said laws are subjected to Contract Clause scrutiny, I would hold that Section 39-71-741(1), MCA, is constitutional.
This Court in Raisler v. Burlington Northern (Mont. 1985), [219 Mont. 254,] 717 P.2d 535, 543, 42 St.Rep. 1997, 2007, in its consideration of Contract Clause scrutiny, stated:
“This subject was discussed at length in Neel v. First Federal Sav. and Loan Assoc. (Mont. 1984), [207 Mont. 376,] 675 P.2d 96, 41 St.Rep. 18. Both Article II, Section 31, Mont. Const, and Article 1, Section 10, U.S. Const, prohibit the impairment of contracts. This Court pointed out in Neel that the two contract clauses have been construed interchangeably and set forth the test to be applied:
“The Supreme Court in Energy Reserves, noted that an examina *331 tion of the legislation for validity under the contract clause requires a three step analysis. The threshold inquiry is ‘whether the state law has in fact, operated as a substantial impairment of the contractual relationship.’ If there is no substantial impairment of the contractual relationship, the inquiry is ended. Second, if the legislation substantially impairs the contractual rights, ‘[t]he state, in justification, must have a significant and legitimate public purpose behind the regulation.’ Third the adjustment of rights and responsibilities of contracting parties must be based ‘[u]pon reasonable conditions’ and be ‘[o]f a character appropriate to the public purpose justifying the legislation’s adoption.’ ”
Past practices before the Workers’ Compensation Court show that lump sum “conversions” were intended to approximate biweekly benefits. An injured worker, at the time of injury, could at most, have anticipated a possibility of receiving a lump sum approximating biweekly benefits.
Statutes which alter contract remedies are not generally construed to impair the obligation of a contract where the reasonable expectations of the parties are not significantly reduced.
Even if Senate Bill 281 is deemed to have substantially impaired the contract, it is still constitutional if it has a “significant and legitimate public purpose” and I would so hold.
The third prong of Contract Clause analysis involves a determination of whether the adjustment of “the rights and responsibilities of the contracting parties is based upon reasonable conditions and is of character appropriate to the public purpose justifying the legislation’s adoption.” Energy Reserves Group, Inc. v. Kansas Power & Light (1983), 459 U.S. 400, 103 S.Ct. 697, 709, 74 L.Ed.2d 569.
The adjustment of rights between the parties here is minimal. Lump sum conversions have always been the exception and injured workers have not had a reasonable expectation of receiving undiscounted conversions in lieu of biweekly benefits, except in very limited circumstances showing extraordinary need, and even then, subject to the discretion of the Workers’ Compensation Court.
MR. CHIEF JUSTICE TURNAGE, concurs in the dissent of MR. JUSTICE GULBRANDSON.