959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CMC HEARTLAND PARTNERS; Third-party-plaintiffs-Appellants,
v.
L.B. FOSTER COMPANY, Third-party-defendant-Appellee.
 No. 91-35368.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1992.
Decided April 14, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 CMC was the successor in interest to the Chicago, Milwaukee, St. Paul and Pacific Railroad.[1] The railroad and Foster had a written contract whereby Foster agreed to remove rails and ties from the roadbed. The contract had an indemnity provision. After Foster completed the job, Young, an employee of a company which subsequently purchased the ties, was injured while driving on the railroad's land. Young sued CMC for negligent maintenance of the road. CMC sought indemnity from Foster, alleging it or its subcontractors caused the injury. The court granted summary judgment to Foster, finding that the contractual provision did not cover the accident and, even if it did, the Montana "accepted work" doctrine barred indemnity. We reverse and remand.
 
 
 3
 * The court found that the plain language of the indemnity agreement does not operate to create liability on the part of Foster and CMC for Young's injuries. To reach that conclusion, the court considered the clause covering loss arising from injury or death "to any of the employees, agents or representatives of the CONTRACTOR or any Subcontractor of the CONTRACTOR."
 
 
 4
 Young worked for Homestake, a partner in Tie Guys. Tie Guys bought the ties from Gammel, Foster's subcontractor. The court found correctly that Young was neither an employee, agent nor representative of Foster or its subcontractors.
 
 
 5
 The court's analysis was incomplete, however. It ignored the provision requiring indemnity for injuries, damage or death "to the person or property of any person or persons whomsoever." It is not at all clear that Young falls outside this portion of the indemnity provision.
 
 
 6
 The court held also that Young's injuries were outside the scope of the indemnity provision. It reasoned that because Young was travelling to a site where the railroad ties had been stored after their removal his injuries did not "relate in any way to the removal of the rails and ties from the railroad bed."
 
 
 7
 This reasoning ignores the long-standing Montana doctrine of liberal construction of indemnity clauses in favor of the one indemnified. Lesofski v. Ravalli County Elec. Coop. Inc., 439 P.2d 370, 371 (Mont.1968). It would read a temporal limitation into the contract without evidence to demonstrate that a temporal limitation was intended. It is possible that the parties did not intend to have the indemnity provision extend beyond the time that Foster provided services, even if the result of those services was an ultimate injury to somebody. The parties may also have intended that the "in prosecution of the work" provision was only spatial in nature, that is only for the purpose of indemnifying CMC for injuries caused by Foster which occurred at any place whatever during the time that Foster was working on the job site.
 
 
 8
 But those are not the only reasonable readings of this contract. The provision might also have been intended to protect CMC against the result of any negligence of Foster in the performance of the contract, regardless of when injury occurred. If Foster's activities set a trap for unwary visitors to the property, perhaps CMC was to be indemnified. Here, it is said that Young's injury was caused by a dangerous condition where a road met a trestle. The condition may well have been quite visible. It was still dangerous, and that danger may well have lured Young into a disastrous accident.
 
 
 9
 In short, given this record we are unable to agree with the district court that, as a matter of law, the indemnity provision did not extend to the time of Young's injury. Moreover, it is impossible to say whether that injury was caused by CMC's negligence, Foster's negligence, Young's negligence, or a combination of them.
 
 
 10
 Summary judgment was inappropriate.
 
 II
 
 11
 The court held that regardless of whether the contract created liability on the part of Foster, the accepted work doctrine superseded the contract. To reach its conclusion, the court mistakenly applied Harrington v. LaBelle's of Colorado, Inc., 765 P.2d 732 (Mont.1988).
 
 
 12
 In Harrington, the court said, "Montana law does not allow a claim for contribution or indemnity to be asserted by a defendant against a codefendant who is not liable to the plaintiff." Id. at 735. However, Harrington was based on implied indemnity, a tort doctrine. This case involves contractual indemnity.
 
 
 13
 Montana distinguishes between contractual and implied indemnity. See Ferguson v. Town Pump, Inc., 580 P.2d 915, 920 (Mont.1978), overruled on other grounds by, Bohrer v. Clark, 590 P.2d 117 (Mont.1978); Raisler v. Burlington N.R.R. Co., 717 P.2d 535, 541-44 (Mont.1985).
 
 
 14
 In Montana, private indemnity contracts are unenforceable only when they are invalidated by statute or contrary to public policy. See Raisler, 717 P.2d at 541-44; Haynes v. County of Missoula, 517 P.2d 370, 376 (Mont.1973). Montana has no statute forbidding private parties from contracting to indemnify for injuries to third parties. No public policy reasons preclude such a commitment.
 
 
 15
 The accepted work doctrine is a judge-made rule. See Ulmen v. Schwieger, 12 P.2d 856 (Mont.1932). The Montana Supreme Court has not applied this rule to contractual indemnity provisions. Because freedom of contract is the general rule in Montana, and indemnity contracts are liberally construed, Lesofski, 439 P.2d at 371, it is unlikely that the Montana court would have extended the doctrine as did the district court.
 
 
 16
 The district court was creating new Montana law when it applied the accepted work doctrine to contractual indemnity.
 
 
 17
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 CMC Real Estate subsequently reorganized. CMC Heartland Partners is now the proper party