980 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tyndall C. COX, Plaintiff,
v.
BRINDERSON CORP., Defendant-third-party-plaintiff-Appellee,
v.
PIONEER CONSTRUCTION COMPANY, Third-party defendants-Appellants.
 No. 91-35769.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1992.*
Decided Nov. 13, 1992.
 
 Before FARRIS, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Third-party defendant Pioneer Construction Co. appeals the entry of summary judgment in favor of Brinderson Corporation on Brinderson's indemnity claim. The district court ruled Pioneer was contractually required to indemnify Brinderson for damages, costs and attorneys' fees paid by Brinderson to Tyndall Cox, an employee of sub-subcontractor Sumera Corporation, in settlement of Cox's claims against Brinderson for a work-related injury. The district court also ruled the amount of the settlement between Brinderson and Cox, $100,000 plus $33,206.62 in attorneys' fees and expenses, was a reasonable amount. We affirm.
 
 
 3
 * Indemnity Clause and Non-delegable Duty
 
 
 4
 Pioneer argues enforcement of the indemnity clause in the contract between itself, as subcontractor, and Brinderson, the general contractor, effectively delegates Brinderson's non-delegable duty to "furnish a place of employment that is safe for each of his employees." Mont.Code Ann. § 50-71-201 (1991).
 
 
 5
 Pioneer's argument confuses two separate issues. Under section 50-71-201 of the Montana Code, the general contractor has a duty to provide a safe workplace for its employees. This duty extends to employees of subcontractors "when the general contractor controls job safety," Cain v. Stevenson, 218 Mont. 101, 103, 706 P.2d 128, 130 (1985), or when "there is a non-delegable duty arising out of contract." Stepanek v. Kober Const., 191 Mont. 430, 625 P.2d 51, 55 (1981).
 
 
 6
 In this case, Article 52 of Brinderson's general contract with the owner of the project creates a non-delegable duty of safety in Brinderson. See Kemp v. Bechtel Const. Co., 221 Mont. 519, 524, 720 P.2d 270, 274 (1986). In fact, the underlying case in this matter is prefaced upon Brinderson's breach of this duty extending to a sub-subcontractor's employee, Tyndall Cox.
 
 
 7
 The question, therefore, is not whether Brinderson is attempting to delegate a non-delegable duty, but whether the indemnity clause in the Brinderson-Pioneer contract is broad enough to include alleged negligent acts or omissions of Brinderson. "In an indemnity action arising out of contract, the application of the theories of 'active' or 'passive' as well as 'primary' and 'secondary' negligence is inappropriate." Wright Constr. Co. v. F.E. DeBeer Mechanical Constr. Co., 185 Mont. 47, 604 P.2d 323, 326 (1979) (quotations omitted).
 
 
 8
 Here Article 14 of the contract in effect between Pioneer and Brinderson at the time of Cox's injury provides Pioneer "expressly agrees to indemnify and save harmless Contractor [Brinderson] ... from ... all loss, damages, injury or liability, however caused, arising directly or indirectly from the acts or omissions fo (sic) Subcontractors [Pioneer], ... or lower-tier subcontractors and their agents and employees, in performance of the work under this Subcontract." The Montana Supreme Court has held similar language broad enough to require indemnification by a subcontractor even where the general contractor was negligent in causing the injury. Wright Constr. Co., 604 P.2d at 326. Likewise, Pioneer must indemnify Brinderson for reasonable compensation, costs and fees Brinderson paid to settle its case with Cox.
 
 II
 
 9
 Issues of Causation and Reasonableness of Settlement
 
 
 10
 Pioneer also argues the district court erred in granting summary judgment in favor of Brinderson on its indemnity claim because the issues of causation and reasonableness are inherently questions of fact.
 
 
 11
 We use the federal standard to measure the sufficiency of the evidence to raise a fact question, even when state law supplies the substantive rule of decision. Bieghler v. Kleppe, 633 F.2d 531, 533 (9th Cir.1980). "Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c)." Id. at 532-33.
 
 
 12
 "Whether a 'genuine' issue can be said to exist with respect to a material fact is often a close question." T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir.1987). When the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact, the nonmoving party must then set forth specific facts to make a showing to the contrary. Id. At this stage in the litigation, the judge does not weigh conflicting evidence nor make credibility determinations. Id.
 
 
 13
 Where, as here, the indemnitor refuses to approve the settlement, "[t]he party claiming indemnity need only prove potential liability at the time of making the payment, and that the payment was reasonable." EBI/Orion Group v. State Compensation Ins. Fund, 240 Mont. 99, 104, 782 P.2d 1276, 1279 (1989). Potential liability is defined as "exposure to liability under the facts of its case and the law of this state." Iowa Mfg. Co. v. Joy Mfg. Co., 206 Mont. 26, 34, 669 P.2d 1057, 1061 (1983).
 
 
 14
 In granting summary judgment on the reasonableness of the settlement amount, the district court found the "clear potential for liability, and the risk of a judgment for damages well in excess of the settlement figure, establishes the objective reasonableness of the ... settlement between Brinderson and Cox." In opposition to Brinderson's motion for summary judgment, Pioneer presented evidence relating to the fragile physical condition of plaintiff Cox which placed in some doubt the proximate cause of his injury. Review of the underlying causation issue, however, is limited by the application of a "potential liability" standard. Here, under section 50-71-201 of the Montana Code, Brinderson was potentially liable for Cox's injuries in this case and, therefore, was entitled to settle the case.
 
 
 15
 Furthermore, the facts alleged concerning the physical condition of Cox fail to raise an issue of fact concerning the reasonableness of the settlement. What a jury in the original action might have concluded concerning Cox's back condition based on "more than substantial evidence" sheds light only on the strengths and weaknesses of that lawsuit, not on the reasonableness of its settlement. Moreover, Brinderson submitted affidavits showing the settlement was made in good faith without collusion between Brinderson and Cox. Pioneer presented no evidence which questioned the propriety and good faith nature of the settlement. Without such evidence, and under all the circumstances, summary judgment on the issue of the reasonableness of the settlement was proper.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3